

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

**GEORGIA M. PESTANA**
Acting Corporation Counsel

**ERIN RYAN**
*Assistant Corporation Counsel*
Tel.: (212) 356-5056
Fax: (212) 356-3509
eryan@law.nyc.gov

December 29, 2020

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Dounya Zayerv. City of New York, et al.</u> 20-CV-6070 (ARR) (PK)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write to respectfully request a thirty (30) day enlargement of time, from January 4 to February 4, 2021, for defendant City to answer or otherwise respond to the complaint. This is defendant City's first request for an enlargement of time, and plaintiff's counsel consents to this request.

    In the complaint, plaintiff alleges, *inter alia*, that on or about May 29, 2020, she was peacefully protesting when the individual officers subjected her to excessive force. The City was properly served with the summons and complaint on or about December 14, 2020. Therefore, its answer or response to the complaint is due by January 4, 2021.

    Before this Office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case, and the requested enlargement will provide this Office sufficient time to obtain plaintiff's medical records, as well as any records that may be sealed pursuant to New York Criminal Procedure Law § 160.50. This Office will be sending such releases to plaintiff's counsel this week for execution. Accordingly, this enlargement is required so that this Office may obtain properly executed releases from plaintiff, request and obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

2

       Moreover, we must ascertain whether the purported individual defendant officers have been served with the summons and complaint. Upon information and belief, neither officer has requested legal representation from the Office of the Corporation Counsel and upon review of the docket sheet in this matter, no summons appears to have been executed for the individually named officers. A decision concerning this Office's representation of the officers has not yet been made, and accordingly, this request for an extension of time is not made on their behalf. Once proper service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent these officers. Each officer must then decide whether they wish to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Only after this procedure has been followed can we determine how to proceed in this case.

       In view of the foregoing, defendant City respectfully requests a thirty (30) day enlargement of time, from January 4 to February 4, 2021, to answer or otherwise respond to the complaint. Thank you for your consideration herein.

       Respectfully submitted,

       *Erin T. Ryan*

       Erin Teresa Ryan
       Assistant Corporation Counsel
       Special Federal Litigation Division

cc:      All Counsel (By ECF)

2