

**GEORGIA M. PESTANA**
Acting Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

*ERIN RYAN*
*Assistant Corporation Counsel*
Tel.: (212) 356-5056
Fax: (212) 356-3509
eryan@law.nyc.gov

January 14, 2021

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Dounya Zayer v. City of New York, et al.</u> 20-CV-6070 (ARR) (PK)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. For the reasons set forth below, this Office respectfully requests a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a criminal prosecution against Officer D'Andraia, as this prosecution stems from the events at issue in this lawsuit. This is the first such request. Plaintiff's counsel does not consent to this request and will provide their opposition in a separate filing. Defendant respectfully proposes to provide the Court with status updates every sixty (60) days or within one-week of learning that the prosecution has been concluded, whichever occurs first.

  By way of background, plaintiff filed the Complaint in this action on December 14, 2020, (<u>ECF</u> No. 1.) alleging that, *inter alia*, on May 29, 2020, she was subjected to excessive force by Officer D'Andraia in view of his supervisor, D.I. Edelman. <u>Id.</u> Thereafter, defendant City requested a thirty day extension of time to answer or otherwise respond to the Complaint, which was granted. (<u>ECF</u> No. 7, Order dated December 30, 2020).

  During the course of reviewing this matter, the undersigned has learned that there is an ongoing criminal prosecution against Officer D'Andraia related to the events underlying this

lawsuit. Defendant City therefore respectfully requests a stay of this matter, pending the resolution of that prosecution.[1]

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. See, e.g., Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted); Bristol v. Nassau County, No. 08-CV-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003)); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

There are several reasons why this pending prosecution necessitates a stay of the instant action. It appears that the criminal charges pending against Officer D'Andraia stem from the very same conduct that is the subject of this lawsuit.[2] Allowing this lawsuit to go forward could prejudice the criminal case. See, e.g., Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case"); see also Doe v. Indyke, No. 20-CV-0484 (JGK) (DF), 2020 U.S. Dist. LEXIS 168258, at *9 (S.D.N.Y. Sep. 14, 2020) ("Denying a stay where there is significant factual overlap between the civil and criminal cases may undermine a defendant's Fifth Amendment privilege against self-incrimination . . . expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case.") (internal citations omitted).

Additionally, until the prosecution, and any internal investigation into the incident concludes, both parties will have limited access to documents, recordings, or other information regarding the incident alleged in this case. Furthermore, the parties will not be able to proceed with depositions while the criminal prosecution is open, in order to preserve Officer D'Andraia's Fifth Amendment rights.

Further, this Office has not yet resolved representational issues with the involved officers, and may not be able to until the prosecution and internal investigation is complete. See N.Y.

---

[1] Upon information and belief, the NYPD has opened an investigation into this incident; however, the undersigned has been unable to confirm whether the investigation is still open at this time.

[2] Upon information and belief, there are no criminal charges against D.I. Edelman at this time; however, the claims against each officer are based on the same brief event.

Gen. Mun. L. § 50-k; <u>Mercurio v. City of N.Y.</u>, 758 F.2d 862, 854-65 (2d Cir. 1985) (<u>quoting</u> <u>Williams v. City of N.Y.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Pursuant to N.Y. General Municipal Law § 50-k, defendant City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as employees during the incident in question. Thus, this Office must first determine whether any individual employee "was acting within the scope of his public employment and in the discharge of his or her duties and was not in violation of any rule or regulation of his or her agency at the time the alleged act or omission occurred." The outcome of the internal investigations may impact this determination.

Finally, defendants are aware that plaintiff filed a motion for a certificate of default against D.I. Edelman on January 14, 2021. (<u>ECF</u> No. 11). Plaintiff purports to have served D.I. Edelman on December 18, 2020, but did not file the proof of service until January 8, 2021. (<u>ECF</u> No. 8). The undersigned does not currently represent D.I. Edelman, nor have I been able to confirm whether D.I. Edelman has been properly served, because best practices prevent the undersigned from communicating with the individual defendants where there are pending investigations in order to prevent a potential conflict of interest. However, defendant asks that the Court, *sua sponte*, deem that any response to this motion be stayed until such time that this Office can adequately determine representation for D.I. Edelman.

Defendant notes that plaintiff, as a general matter, is not entitled as a matter of right to default judgement against a party in default. <u>See</u> <u>Taylor v. 312 Grand St. LLC</u>, 2016 U.S. Dist. LEXIS 36623, *7 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In any event, it is unlikely that plaintiff's motion for a default judgment will withstand any motion practice. "[T]he Second Circuit has an 'oft-stated preference for resolving disputes on the merits'" rather than by default judgment. <u>Allstate Ins. Co. v. Yadgarov</u>, 2014 U.S. Dist. LEXIS 30068, at *10 (E.D.N.Y. Feb. 10, 2014), <u>citing</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). Indeed, default judgments are "highly disfavored" in this Circuit, and such an "extreme sanction … must remain a weapon of law, rather than first, resort." <u>Fed. Deposit Ins. Corp. v. Even Int'l Corp.</u>, No. 88 Civ. 2043 (JKF), 1990 U.S. Dist. LEXIS 4317, at *2 (S.D.N.Y. Apr. 17, 1990), <u>citing</u> <u>Sony Corp. v. Elm State Electronics, Inc.</u>, 800 F.2d 317, 320 (2d Cir. 1986) (additional citations omitted).

For the foregoing reasons, defendant respectfully requests that the Court: (1) grant a stay of the instant litigation until the conclusion of the criminal prosecution and/or any open internal investigation; and (2) adjourn *sine die* all deadlines in this case, pending the conclusion of the criminal prosecution and/or any open internal investigation. Should the Court grant the requested stay, at the direction of the Court, the undersigned will provide status updates every sixty (60) days or within one-week of learning that the prosecution has been concluded, whichever occurs first.

- 4 -

    Defendant thanks the Court for its time and consideration of the within request.

                                          Respectfully submitted,

                                                     /s/

                                          Erin Teresa Ryan
                                          *Assistant Corporation Counsel*

cc:      All Counsel (By ECF)