# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel: 212.391.8500	Fax: 212.391.8508	www.Aboushi.com

January 20, 2021

Hon. Peggy Kuo, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Newark, NJ 07102

Via: ECF

Re:  Zayer v. City of New York et al.,
     Civ. No.: 20-cv-6070 (AAR)(PK)

Dear Judge Kuo,

I represent the Plaintiff and write in opposition to the Defendant City of New York's motion for a stay. The City's motion is without a legitimate legal or factual basis, and must be denied. The City's must not be permitted to further delay the Plaintiff's pursuit of justice.

By way of background, and as established in the Complaint, this matter stems from the protests following the death of George Floyd at the hands of police officers. In May 2020, while Plaintiff was marching to protest police brutality, she herself was subject to police brutality by the Defendants. The Defendants officers attacked Plaintiff without any justification, causing her to fly through the air and hit her head on the ground. This, unlawful use of force was captured on camera, and the video has been widely circulated. There can be no real dispute regarding the unlawful use of force employed by the Defendants. There can be no real dispute that these Defendants were acting within their capacities as polices officers given the fact that they were in uniform, on duty, and engaged in police functions.

The City seeks a stay and significant delay of this matter ostensibly because Defendant D'Andria has been charged by the Kings County District Attorney for his conduct towards the Plaintiff. Notably, the City does not inform that Court that Defendant D'Andria is charged with several misdemeanors and one violation. Furthermore, the City fails to inform the Court that Defendant D'Andria is still employed by the NYPD, as is his Co-Defendant.

The City also seeks a stay and significant delay in this matter because it supposes, but cannot say for sure, that there may be an investigation into the conduct of the Defendant officers. Not surprisingly, the City fails to cite to any case that permits a stay due to an internal investigation, especially where, as here, there is no claim that an actual investigation even exists. That the City does not know what its own police department is doing is problematic to its motion, and totally consistent with the claims made in this lawsuit, and others, that the NYPD is without any meaningful oversight or control. Indeed, on the same day the City filed the instant motion for a stay, the New York State Attorney General sued the City for its wholesale violations of Civil Rights during the George Floyd protests.[1] The Attorney General's lawsuit references the actions of the Defendants towards the Plaintiff as but one example of the many

---

[1] **Attorney General James Files Lawsuit Against the NYPD for Excessive Use of Force.** *Landmark Lawsuit Outlines NYPD's Use of Brutal Force Against Protesters and Pattern of False Arrests. AG James Seeks Systemic Reforms at NYPD, Implementation of External Monitor to Oversee Changes.* See https://ag.ny.gov/sites/default/files/filed_complaint_ny_v_nypd_1.14.2021.pdf

times the NYPD systematically violated the rights of protesters. The City's claim is that a possibly fictional NYPD internal investigation that it has no knowledge of is a reason to stay this matter is unavailing and not a legitimate basis to stay this matter.

"[A] stay of a civil action is considered to be an extraordinary remedy. See Crawford & Sons, Ltd. v. Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y.2004). Courts consider and balance the following factors to determine whether a stay should be granted: (1) the extent to which the issues in the criminal action overlap with those in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of, and burden on, the defendant and (5) the interests of the courts and the public. See Arden Way Associates v. Boesky, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987). The factors must be balanced on a case by case basis. Volmar Distributors, Inc. v New York Post Co., Inc., 152 FRD 36, 39 (SDNY 1993).

Despite the requirement to analyze *all* five factors, the City only analyzes the first factor. Indeed, the City does not address the remaining five factors. Analysis of the first prong militates against a stay. The City' only argues that the *criminal prosecution* may be impacted, not that the instant *civil case* will be impacted. City Mot. at 2. ("Allowing this case to go forward could prejudice the criminal case." This claim, however unfounded, is one that would be made by the District Attorney if it had any merit, not the Law Department. In any event, it is not a basis to stay the civil case.

As to the remaining factors, there is no discussion, proof, or anything of evidentiary value that establishes the status of the criminal action, the private interest of Plaintiff, any burden on Defendants (other than a generic claim that another Defendant who has not yet appeared *may* assert their Fifth Amendment Rights), and certainly has not addressed the interests of the Court and the public. There is good reason for the City to ignore the remaining factors; they all militate against the City's motion for a stay.

As to the status of the criminal matter, no defendant has been indicted and Defendant Edleman has not been charged with any crimes. Further, there are no felony charges against Defendant D'Andria. Next, Plaintiff had her rights violated while exercising her right to protest against police brutality. Plaintiff has a significant interest in pursuing her claims, holding the Defendants accountable, achieving a measure of justice, and preventing this from happening again. Plaintiff should not be sidelined in her own lawsuit, particularly on the paltry grounds asserted by the City, while the Attorney General and countless other protesters get to pursue their claims. Since the incident, Plaintiff has been outspoken about what happened to her, and provided testimony to the Attorney General's Office as it investigated the NYPD's misconduct during the protests.

Next, the City has not, and cannot, establish prejudice on its behalf. Even assuming that the existence of an internal investigation is a basis to show prejudice, which it is not, the City has not shown the existence of an internal investigation, why it has not been completed in the eight months since the incident (especially since the events were captured on video), or when this possibly imaginary investigation will conclude. Indeed, it cannot say with any specificity whether its own police department has started an investigation, what stage any purported investigation is in, and even if this supposed investigation has concluded. The City also generally assumes that it will have limited access to documents and information while this "investigation" may or may not be proceeding, but fails to identify what information it cannot access and why.

2

This Federal Civil Rights Action trumps any purported internal investigation, and the City has had eight months to investigate and collect evidence and materials. It also had a notice of claim that provided it with notice to investigate this matter. Simply making a general claim that documents and materials will not be available because there may or may not be an investigation, or because the Defendant D'Andria was charged with misdemeanors, makes no sense and fails to establish that a stay is warranted.

Further, to the extent that the City claims that it does not yet know if it will represent the Defendant officers, and that somehow translates into prejudice, it does not prejudice the City. Defendant City is at liberty to gather information from the officers and the NYPD without requiring representation of the individual defendant officers. Moreover, the City can certainly provide representation with a reservation of rights. More commonly, the Defendant officers can secure private representation, particularly through their unions, and is routinely done in these matters. In no circumstances can the City establish prejudice to itself or any of the parties it concedes it does not represent.

Relatedly, the City cannot make any claims on behalf of the Defendant officers. Indeed, the City concedes that it does not represent them and has not spoken to them. It has no authority to make any motion on behalf of individuals they do not represent. As such, any motion pertaining to them must be denied.

The last factor the City failed to analyze is the interest of the Court and the Public. This factor militates against a stay. The Public has a right to the airing of such an important matter, which has already spawned a significant Civil Rights Action against the City for its unlawful conduct. The Public should be reassured that when Police Officers and the City of New York violate their rights, the Courts will permit the citizens' redress for the violation of their rights. The Public must know that the Courts will facilitate the pursuit of justice, even when the City brutally represses their civil liberties. Also militating in favor of denying a stay is the fact that many protesters, and even the State of New York, have filed and may continue to pursue their actions. Staying the Plaintiff's case due to D'Andria's pending misdemeanor charges is not fair to the Plaintiff or to the Public.

Lastly on the issue of a stay, it is recognized that "[a] stay is unnecessary if a protective order can adequately ensure a speedy disposition of the civil case while ensuring that the rights of the criminal defendant are not prejudiced." City of New York v A-1 Jewelry & Pawn, Inc., 06-CV-2233 (JBW), 2008 WL 630483, at *2 (EDNY Mar. 4, 2008)(citing SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.1980) (en banc)). The Court could enter an order that permits a Defendant to be deposed last if they establish prejudice. This matter will rely on documentary evidence and records, and there is no reason why document discovery as well as that of other Defendants and witnesses cannot proceed. To the extent that the City establishes that a stay is warranted to protect a party that it does not represent, a protective order will alleviate that issue.

Finally, the City's motion related to the entry of default is misguided and must be denied. As an initial matter, mischaracterizes Plaintiff's request for an entry of default as one for default judgment. The two are not the same. Rodriguez v Almighty Cleaning, Inc., 784 F Supp 2d 114, 123 (EDNY 2011)("For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. Once the clerk's certificate of default is issued, the moving party

3

may then make an application for entry of a default judgment")(citations and quotations omitted); See also Fed. R. Civ. P. 55 (a-)(b). The Plaintiff is entitled to a certificate of default against the Defendant officers who have not timely responded. [2]

    Second, the City concedes that they do not represent the Defendant officers. As such, they have no authority to make any motion or application on their behalf, nor does the City have the legal authority to contest the request for a certificate of default. Third, the City was granted additional time to respond to the Complaint, and its Answer is due on February 4, 2021. In seeking an extension last month, the City claimed to the Court that it needed the time to investigate this matter and resolve issues of representation. Despite having more than three weeks left before its Answer is due, the City now seeks yet another, indefinite extension, on behalf of itself and parties it does not represent. The sole basis for this request is, yet again, a purported internal investigation into an incident that occurred eight months ago that may or may not exist and may or may not be completed. Even assuming the existence of this investigation, the City has not stated why it Could not carry out its function of determining representation. This case cannot wait for the NYPD to conclude an investigation of an incident caught on camera that it had eight months to investigate. Moreover, there is a significant incentive for the NYPD to continue to drag out the investigation so as to continuously delay this matter. Essentially, the City is asking that all deadlines be suspended until the NYPD gets around to completing an investigation-one that may impact the City's liability in this matter. This erroneous request removes the Court's authority and places the trajectory and prosecution of this case squarely in Defendants' hands. Not surprisingly, the City has not cited one case for this drastic proposition.

    In light of the foregoing, the Plaintiff respectfully that the City's motion be denied in its entirety. Plaintiff also requests oral argument on the City's Motion.   We thank the Court for its time and consideration.

                                        Respectfully submitted,
                                        s/Aymen A. Aboushi
                                        Aymen A. Aboushi, Esq.

Cc: All counsel of record via ECF

---

[2] While the City writes that Plaintiff "purports" to have served Defendant Edelman, it has not asserted any good faith reason to contest service. Indeed, the return of service is clear and filed on ECF.  What is more, the Return of Service is sworn to under penalty of perjury, unlike the unsubstantiated claims made in the City's motion. It appears that the City is trying to manufacture an issue where none exists. The City should be discouraged from engaging in such tactics.