

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>Acting Corporation Counsel | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ERIN RYAN**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-5056<br>Fax: (212) 356-3509<br>eryan@law.nyc.gov |

January 28, 2021

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Dounya Zayer v. City of New York, et al.</u> 20-CV-6070 (ARR) (PK)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write to provide an update regarding defendant's motion for a stay, filed January 14, 2021.

      As noted in footnote 1 of defendant's motion for a stay, in the process of reviewing this case, the undersigned learned that the NYPD had opened investigations into the incident, but at the time the motion for a stay was filed, I had not been able to confirm whether or not the investigation was still open. <u>See</u> Docket No. 12 at FN 1. Yesterday, I received confirmation from the NYPD that an IAB case into this incident is still open and active.

      As the status of this investigation had been unknown at the time the motion to stay was filed, defendant did not affirmatively move for a stay on the grounds that there was an open internal investigation. However, in light of this information, defendant writes to supplement its motion to stay the case pending the completion of the internal investigation as well as the previously discussed criminal investigation.

      As there is an open NYPD investigation into both individually named officers, a stay of discovery is appropriate. <u>See, e.g.,</u> <u>Gannaway v. City of New York, et al.</u>, 13-CV-5702 (KAM)(CLP), at Docket Entry No. 12 (E.D.N.Y. Apr. 24, 2014)(granting defendant City of New York's request for a stay due to a pending NYPD investigation); <u>Felix v. City of N.Y.</u>, No. 16-

- 2 -

CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000, at *7 (S.D.N.Y. Sep. 6, 2016) (granting the City's request for a stay due to an open NYPD investigation into the incident alleged in the complaint).Just as with an open criminal case, an open NYPD investigation may prevent the parties from accessing necessary documents in the IAB's Investigation File. Such documents are protected from disclosure by the law enforcement privilege, see In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998), and may also be protected from disclosure pursuant to the deliberative process privilege. See Nat'l Council of La Raza v. DOJ, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations marks omitted). As a result, access to pertinent information, including witness statements, may be barred until the underlying investigations are resolved. Furthermore, the internal investigation may impact any representation decisions that this Office will make pursuant to GML 50-k.

Therefore, defendant writes to supplement its motion as a result of this additional information regarding the open NYPD investigation, and respectfully requests that this be considered in conjunction with its motion for a stay. Defendant thanks the Court for its time and consideration of these requests.

Respectfully submitted,

/s/

Erin Teresa Ryan
*Assistant Corporation Counsel*

cc:   All Counsel (By ECF)