# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel: 212.391.8500              Fax: 212.391.8508              www.Aboushi.com

January 28, 2021

Hon. Peggy Kuo, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Via: ECF</u>

Re:   <u>Zayer v. City of New York et al.,</u>
      Civ. No.: 20-cv-6070 (ARR)(PK)

Dear Judge Kuo,

      I represent the Plaintiff and write in response to the City's improper letter today seeking to add to its previously submitted motion for a stay. As an initial matter, the Court did not permit such a submission, and thus it should be disregarded by the Court.

      Furthermore, the City seeks an open-ended stay under the guise of an internal investigation. The City is simply not entitled to the relief it seeks. That an alleged investigation is pending for more than eight months after the incident which gives rise to Plaintiff's claims-an incident that was caught on camera from beginning to end, and has gone viral-calls into question the integrity of the "internal investigation." Indeed, my previous experience with these so-called internal investigations by the NYPD is that they are unnecessarily dragged out, and usually skewed in favor of exonerating the police officers.

      Notably, the City does not cite any support for its proposition. The City relies upon <u>Felix v City of New York</u>, in support of their motion, but that case is distinguishable and actually undercuts the City's position here. <u>Felix</u> was a police <u>shooting</u> case in which someone died, none of it was on camera, and the Plaintiff consented to the stay. <u>Felix v City of New York</u> See 16-CV-5845 (AJN), 2016 WL 11708369, at *2 (SDNY Sept. 6, 2016). Furthermore, and unlike the City's position in this case, the City in <u>Felix</u> represented to the Court a <u>concreate</u> date for the conclusion of the investigation. Indeed, the Court found it persuasive that the City knew the conclusion of the investigation, and that the delay/stay would be "brief." <u>Id</u>. Here, the City seeks an open-ended stay, and has no idea when any investigation into an unlawful use of force against Plaintiff may conclude-despite it being on camera from beginning to end. The City further improperly relies upon <u>Gannaway v. City of New York, et al</u>., for a stay, but fails to disclose to the Court that the stay in that case was granted based upon the <u>consent</u> of the Plaintiff. <u>Gannaway v. City of New York, et al.</u>, 13-CV-5702 (KAM)(CLP), Dkt. No. 12 (E.D.N.Y. Apr. 24, 2014). Plaintiff clearly does not consent to the stay in this matter.

      Lastly, the City's application for a stay remains deficient as the City failed to analyze all of the relevant factors. This omission is likely for good reason as none of them militate in favor of the City's application. The City has also failed to address its lack of standing to make this application on behalf of anyone but itself. Furthermore, the City continuously disregards the Plaintiff's claims, and her entitlement to seek redress in this Court. The City essentially seeks to place itself on special footing at the expense of individuals injured by its unlawful conduct. We respectfully request that the Court deny the City's Application and disregard its most recent submission.

We thank the Court for its time and consideration.

                                                    Respectfully submitted,
                                                    s/Aymen A. Aboushi
                                                    Aymen A. Aboushi, Esq.

Cc: All counsel of record via ECF