

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **GEORGIA M. PESTANA**<br>Acting Corporation Counsel | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ERIN RYAN**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-5056<br>Fax: (212) 356-3509<br>eryan@law.nyc.gov |

February 3, 2021

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Dounya Zayer v. City of New York, et al.</u> 20-CV-6070 (ARR) (PK)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write to respectfully request an extension, *sine die* of time for defendant City to answer or otherwise respond[1] to the complaint from February 4, 2021 until a date to be determined at the conference scheduled for Friday, February 5th.[2] This is defendant City's second request for an enlargement of time. The undersigned emailed plaintiff's counsel for their position on this request, but they have not responded or provided a position.

---

[1] Since defendant filed its motion for a stay, plaintiff has also requested a certificate of default against D.I. Edelman, as well Officer D'Andraia. See Docket Nos. 15-16. As detailed in defendant's motion for a stay, the City maintains that these requests should be denied. Id. at No. 12. As the undersigned does not yet represent the individual officers this request is not made on their behalf, but the City respectfully requests that the Court *sua sponte* deny the request for default and extend the officers' deadlines to answer in order to preserve their rights and defenses while representation is being determined.

[2] The motion for a stay filed by the defense on January 14, 2021 would extend this answer deadline as well, as defendant requested that this litigation be stayed in its entirety. See Docket No. 12. Out of an abundance of caution, defendant is filing this instant motion to ensure that any rights are not waived and all defenses are preserved while the Court considers defendant's motion for a stay.

Defendant City's answer is currently due by February 4, 2021. See Order dated December 30, 2020. On January 14, 2021, defendant moved for a stay of discovery and all current deadlines, including the City's date to answer. See Docket No. 12. The Court has not yet ruled on defendant's motion for a stay, and a conference to discuss the motion is currently scheduled for February 5, the day after the City's answer is due. See Order dated January 29, 2021.

As discussed in defendant's previous motion for an extension of time to answer (Docket No. 7), before defendant can adequately respond to the complaint the City needs to be able to obtain records and documents into the incident alleged in plaintiff's complaint. However, the open criminal case and open NYPD investigation into this incident, discussed in defendant's motion for a stay (Docket Nos. 12 and 17), have hampered the City's ability to obtain necessary documents. It has also prevented the undersigned from being able to speak with the officers involved in the incident to obtain additional details about the incident.

Additionally, defendant has received limited documents in connection with the incident. First, this Office has not yet received HIPAA releases from plaintiff in order to obtain her medical records. Defendant originally discussed a 60 day extension of its time to respond to the Complaint with plaintiff's counsel, but counsel would only consent to a 30 day extension. The parties conferred, and defendant agreed to only request a 30 day extension of time based on the agreement that plaintiff would quickly provide the necessary releases. To date, plaintiff has not provided any medical releases, which are necessary to respond to the complaint. See, e.g. Draeger v. City of New York, ("[d]efendants cannot reasonably be expected to proceed without [plaintiff]'s medical releases, which they need to conduct the necessary investigation before answering the allegations in his complaint.") No. 17-CV-3059 (JPO), 2017 U.S. Dist. LEXIS 191660, at *3-4 (S.D.N.Y. Nov. 20, 2017). Therefore, an extension will be required in order to obtain these documents prior to filing any response.

Accordingly, defendant respectfully requests an extension of time, *sine die*, to answer or otherwise respond to the complaint, until the conference on February 5, at which time an appropriate answer date can be determined.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Erin Teresa Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

cc: All Counsel (By ECF)