# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel: 212.391.8500          Fax: 212.391.8508          www.Aboushi.com

February 4, 2021

Hon. Peggy Kuo, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Via: ECF

Re: Zayer v. City of New York et al.,
Civ. No.: 20-cv-6070 (ARR)(PK)

Dear Judge Kuo,

I represent the Plaintiff and write in response to the City's second motion to extend its time to respond to the complaint. Plaintiff objects to this request as it appears to be yet another delay tactic by the City. There is no reason why the City cannot file an Answer, even if its application for a stay is granted. Indeed, Plaintiff should be able to see what the City's response is, and evaluate any affirmative defenses. These issues are best resolved up front, not at the end of an inordinate stay that the City seeks. Furthermore, having the City's Answer before the application for a stay is heard will crystalize the issues, and enable the Court and the parties to evaluate the posture of the claims and defenses. Relatedly, the City has no authority to request any extension on behalf of any of the individual defendants. Interestingly, the City claims to have no authority to act on behalf of the Defendants, unless it apparently involves asking for an indefinite time to respond to the Complaint. As stated in our previous submissions to the Court, which are incorporated herein, the City is not entitled to a stay, anymore time to file a response to the Complaint, and is certainly not authorized to contest the pending requests for defaults in regards to the individual Defendants.

Next, the City paradoxically moves for a blanket stay, and yet seeks discovery from Plaintiff. The City also refuses to provide Plaintiff with any discovery. The City cites one case, Draeger v City of New York, in support of its erroneous position. Much like the previous cases cited by the City, Draeger is inapposite and actually undermines the City's position. 17-CV-3059 (JPO), 2017 WL 5624274, at *1 (SDNY Nov. 20, 2017).

The Draeger case was one in which a pro se Plaintiff, alleging claims of inadequate medical care while in the City's custody, failed to produce Court-Ordered discovery. In essence, the court held that, given the Plaintiff was asserting a claim of inadequate medical attention while in the City's custody, HIPPA releases were necessary for the City to prepare its defenses, and dismissed the matter for failure to prosecute given that the pro se Plaintiff had become nonresponsive. The City presents this one line, out of context, in order to support its position that it does not have to provide any discovery, can move for an infinite stay, and yet is somehow entitled to discovery itself. The court in Draeger made clear that, given the claims of inadequate medical attention while in the City's custody, the medical records were necessary to prepare to respond to the complaint regarding the medical care received by the Plaintiff. That is why the HIPPA releases, pre-Answer, were ordered to be produced by the court in that case.

Plaintiff in this case is not alleging a claim for improper medical care by the City. Not surprisingly the City has not, and cannot, state why Plaintiff's medical records are in any way necessary to investigate the liability of the City and its agents in this matter, particularly for an

incident that was captured from beginning to end on camera, and has gone viral. As stated to the City on numerous occasions, should the City wish in good faith to coordinate discovery, we are happy to do so. Indeed, the City can easily provide CCRB, IAB, Central Personnel Index records and other documents related to the Defendant. It could also produce polices, practices, procedures, training, and other matters that would not impact any purported investigation the NYPD is engaged in. The foregoing documents are routinely produced in these cases. The City simply refuses to provide any of these documents, yet seems entitled to discovery from Plaintiff. The Plaintiff will not agree to engage in unilateral discovery where the City gets all the records it wants, refuses to provide any documents, all the while it continuously seeks to delay every facet of this matter, including its purported internal investigation that has been pending for nine months.

      We respectfully request that the Court deny the relief the City seeks. We thank the Court for its time and consideration.

                                                                   Respectfully submitted,
                                                                   s/Aymen A. Aboushi
                                                                   Aymen A. Aboushi, Esq.

Cc: All counsel of record via ECF