UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

DOUNYA ZAYER,

                          Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

20-CV-6070 (ARR) (PK)

Jury Trial Demanded

        Defendant City of New York, by its attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for its answer to the complaint, dated December 14, 2020, on information and belief respectfully:

        1. Denies the allegations in paragraph "1" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        2. Denies the allegations in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3. Denies the allegations in paragraph "3" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

        4. Denies the allegations in paragraph "4" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the complaint, but admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 9, 2020, and a 50-h hearing was held on or about November 13, 2020.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the complaint, except admit that Officer D'Andraia was employed by the New York City Police Department as a police officer on or about May 29 2020, and further state that the allegations that Officer D'Andraia was an "agent" of the City and "acting in the scope of his employment" are legal conclusions to which no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the complaint, except admit that D.I. Edelman was employed by the New York City Police Department as a deputy inspector on or about May 29 2020, and further state that the allegations that D.I. Edelman was an "agent" of the City and "acting in the scope of his employment" are legal conclusions to which no response is required.

9. Denies the allegations in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York, respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department, and states that the allegations that the City is liable for the conduct of the Defendant Officers are legal conclusions to which no response is required.

10. Denies the allegations in paragraph "10" of the complaint, and further state that the allegations that the Defendant Officers were "acting under color of law" and "within the scope of their employment" are legal conclusions to which no response is required.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint as it relates to any "John Doe" defendants, and

further state that the allegations that the John Doe officers were "acting under color of state law" are legal conclusions to which no response is required.

12. Denies the allegations in paragraph "12" of the complaint, except admits that plaintiff purports to proceed as stated therein.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the complaint.

14. Denies the allegations in paragraph "14" of the complaint, except admit that at some point on May 29, 2020, Defendants D'Andraia and Edelman were on duty and in uniform.

15. Denies the allegations in paragraph "15" of the complaint, and further state that it contains legal conclusions that to which no response is required.

16. Denies the allegations in paragraph "16" except admit that D.I. Edelman was employed by the City of Ne York as a Deputy Inspector.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the complaint.

36. Denies the allegations in paragraph "36" of the complaint.

37. Denies the allegations in paragraph "37" of the complaint.

38. Denies the allegations in paragraph "38" of the complaint.

39. Denies the allegations in paragraph "39" of the complaint.

40. Denies the allegations in paragraph "40" of the complaint.

41. Denies the allegations in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the complaint.

43. Denies the allegations in paragraph "43" of the complaint.

44. Denies the allegations in paragraph "44" of the complaint.

45. Denies the allegations in paragraph "45" of the complaint, and respectfully refers the Court to the New York Attorney General's hearing for its contents.

46. Denies the allegations in paragraph "46" of the complaint.

47. Denies the allegations in paragraph "47" of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the complaint.

49. Denies the allegations in paragraph "49" of the complaint.

50. Denies the allegations in paragraph "50" of the complaint.

51. Denies the allegations in paragraph "51" of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the complaint.

55. In response to the allegations in paragraph "55" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

56. Denies the allegations in paragraph "56" of the complaint.

57. Denies the allegations in paragraph "57" of the complaint.

58. Denies the allegations in paragraph "58" of the complaint.

59. Denies the allegations in paragraph "59" of the complaint.

60. Denies the allegations in paragraph "60" of the complaint.

61. Denies the allegations in paragraph "61" of the complaint.

62. Denies the allegations in paragraph "62" of the complaint, except admits that plaintiff seeks relief as stated therein.

63. In response to the allegations in paragraph "63" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

64. Denies the allegations in paragraph "64" of the complaint.

65. Denies the allegations in paragraph "65" of the complaint.

66. Denies the allegations in paragraph "66" of the complaint.

67. Denies the allegations in paragraph "67" of the complaint.

68. Denies the allegations in paragraph "68" of the complaint, except admits that plaintiff seeks relief as stated therein.

69. In response to the allegations in paragraph "69" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

70. Denies the allegations in paragraph "70" of the complaint, and further states that the allegations that they were "acting under color of state law" are legal conclusions to which no response is required.

71. Denies the allegations in paragraph "71" of the complaint.

72. Denies the allegations in paragraph "72" of the complaint.

73. Denies the allegations in paragraph "73" of the complaint.

74. Denies the allegations in paragraph "74" of the complaint.

75. Denies the allegations in paragraph "75" of the complaint.

76. Denies the allegations in paragraph "76" of the complaint, except admits that plaintiff seeks relief as stated therein.

77. In response to the allegations in paragraph "77" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

78. Denies the allegations in paragraph "78" of the complaint.

79. Denies the allegations in paragraph "79" of the complaint.

80. Denies the allegations in paragraph "80" of the complaint.

81. Denies the allegations in paragraph "81" of the complaint.

82. Denies the allegations in paragraph "82" of the complaint.

83. Denies the allegations in paragraph "83" of the complaint.

84. Denies the allegations in paragraph "84" of the complaint.

85. Denies the allegations in paragraph "85" of the complaint.

86. Denies the allegations in paragraph "86" of the complaint.

87. Denies the allegations in paragraph "87" of the complaint.

88. Denies the allegations in paragraph "88" of the complaint.

89. Denies the allegations in paragraph "89" of the complaint.

90. Denies the allegations in paragraph "90" of the complaint.

91. Denies the allegations in paragraph "91" of the complaint.

92. Denies the allegations in paragraph "92" of the complaint.

93. Denies the allegations in paragraph "93" of the complaint.

94. Denies the allegations in paragraph "94" of the complaint.

95. Denies the allegations in paragraph "95" of the complaint.

96. Denies the allegations in paragraph "96" of the complaint.

97. Denies the allegations in paragraph "97" of the complaint.

98. Denies the allegations in paragraph "98" of the complaint.

99. Denies the allegations in paragraph "99" of the complaint.

100. Denies the allegations in paragraph "100" of the complaint.

101. Denies the allegations in paragraph "101" of the complaint.

102. Denies the allegations in paragraph "102" of the complaint.

103. Denies the allegations in paragraph "103" of the complaint.

104. Denies the allegations in paragraph "104" of the complaint.

105. Denies the allegations in paragraph "105" of the complaint, and further state that it contains legal statements to which no response is required.

106. Denies the allegations in paragraph "106" of the complaint.

107. Denies the allegations in paragraph "107" of the complaint.

108. Denies the allegations in paragraph "108" of the complaint.

109. Denies the allegations in paragraph "109" of the complaint.

110. Denies the allegations in paragraph "110" of the complaint.

111. Denies the allegations in paragraph "111" of the complaint.

112. Denies the allegations in paragraph "112" of the complaint.

113. Denies the allegations in paragraph "113" of the complaint.

114. Denies the allegations in paragraph "114" of the complaint.

115. Denies the allegations in paragraph "115" of the complaint, except admits that plaintiff seeks relief as stated therein.

116. In response to the allegations in paragraph "116" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

117. Denies the allegations in paragraph "117" of the complaint.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "118" of the complaint.

119. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "119" of the complaint.

120. Denies of the allegations in paragraph "120" of the complaint.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "121" of the complaint.

122. Denies the allegations in paragraph "122" of the complaint.

123. Denies the allegations in paragraph "123" of the complaint, except admits that plaintiff seeks relief as stated therein.

124. In response to the allegations in paragraph "124" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "125" of the complaint.

126. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "126" of the complaint.

127. Denies the allegations in paragraph "127" of the complaint.

128. Denies the allegations in paragraph "128" of the complaint.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "129" of the complaint.

130. Denies the allegations in paragraph "130" of the complaint.

131. Denies the allegations in paragraph "131" of the complaint, except admits that plaintiff seeks relief as stated therein.

132. In response to the allegations in paragraph "132" of complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

133. Denies the allegations in paragraph "133" of the complaint.

134. Denies the allegations in paragraph "134" of the complaint.

135. Denies the allegations in paragraph "135" of the complaint.

136. Denies the allegations in paragraph "136" of the complaint.

137. Denies the allegations in paragraph "137" of the complaint.

138. Denies the allegations in paragraph "138" of the complaint.

139. Denies the allegations in paragraph "139" of the complaint.

140. Denies the allegations in paragraph "140" of the complaint.

141. Denies the allegations in paragraph "141" of the complaint.

142. Denies the allegations in paragraph "142" of the complaint.

143. Denies the allegations in paragraph "143" of the complaint.

144. Denies the allegations in paragraph "144" of the complaint.

145. Denies the allegations in paragraph "145" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

146. The complaint fails to states a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

147. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

148. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## FOURTH AFFIRMATIVE DEFENSE:

149. Plaintiff cannot obtain punitive damages as against the City of New York.

## FIFTH AFFIRMATIVE DEFENSE:

150. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## SIXTH AFFIRMATIVE DEFENSE:

151. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## SEVENTH AFFIRMATIVE DEFENSE:

152. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE:

153. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## NINTH AFFIRMATIVE DEFENSE:

154. Plaintiff has failed to mitigate her alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 12, 2021

                                GEORGIA M. PESTANA
                                Acting Corporation Counsel
                                of the City of New York
                                *Attorney for Defendant City*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-5056

By:     */s/ Erin T. Ryan*          
            Erin Teresa Ryan
            Assistant Corporation Counsel
            Special Federal Litigation Division

To:    All Counsel (by ECF)
        *Attorneys for Plaintiff*