UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DOUNYA ZAYER

                              Plaintiff,

              -against-

CITY OF NEW YORK, OFFICER VINCENT D'ANDRAIA,
Individually and his official capacity, DEPUTY INSPECTOR
CRAIG EDELEMAN individually and in his official capacity,
JOHN AND JANE DOES 1-10 individually and in their official
capacity.

                             Defendants.
-----------------------------------------------------------------------X

**ANSWER WITH
CROSS-CLAIMS
AGAINST THE CITY
OF NEW YORK**

20-CV-6070 (ARR)(PK)


<u>JURY TRIAL DEMANDED</u>

      Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA, , hereby

answers Plaintiff's Complaint as follows:

I. Jurisdiction and Venue

1.        Admit the allegations contained in paragraph 1.

2.        Admit the allegations contained in paragraph 2.

3.        Admit the allegations contained in paragraph 3.

4.        Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 4.

5.        Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 5.

II. Parties

6.        Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 6.

7. Deny the allegations in paragraph 7, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

## II. Facts

13.        Deny the allegations contained in paragraph 13.

14.        Admit the allegations contained in paragraph 14.

15.        Admit the allegations contained in paragraph 15.

16.        Admit the allegations contained in paragraph 16.

17.        Deny the allegations contained in paragraph 17.

18.        Deny the allegations contained in paragraph 18.

19.        Deny the allegations contained in paragraph 19.

20.        Deny the allegations contained in paragraph 20.

21.        Deny the allegations contained in paragraph 21.

22.        Deny the allegations contained in paragraph 22.

23.        Deny the allegations contained in paragraph 23.

24.        Deny the allegations contained in paragraph 24.

25.        Deny the allegations contained in paragraph 25.

26.        Deny the allegations contained in paragraph 26.

27.        Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27.

28.        Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28.

29.        Deny the allegations contained in paragraph 29.

30.        Deny the allegations contained in paragraph 30.

31.        Deny the allegations contained in paragraph 31.

32.        Deny the allegations contained in paragraph 32.

33.     Deny the allegations contained in paragraph 33.

34.     Deny the allegations contained in paragraph 34.

35.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35.

36.     Deny the allegations contained in paragraph 36.

37.     Deny the allegations contained in paragraph 37.

38.     Deny the allegations contained in paragraph 38.

39.     Deny the allegations contained in paragraph 39.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45.

46.     Deny the allegations contained in paragraph 46.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51.

52.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 52.

53.     Deny the allegations contained in paragraph 53.

54.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 54.

## AS FOR AN ANSWER TO COUNT I. EXCESSIVE FORCE/UNLAWFUL USE OF FORCE

55.     In response paragraph 55, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-54 as if the same were fully set forth herein.

56.     Deny the allegations contained in paragraph 56.

57.     Deny the allegations contained in paragraph 57.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

60.     Deny the allegations contained in paragraph 60.

61.     Deny the allegations contained in paragraph 61.

62.     Deny the allegations contained in paragraph 62.

## AS FOR AN ANSWER TO COUNT II- ASSAULT AND BATTERY

63.     In response paragraph 63, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-62 as if the same were fully set forth herein.

64.        Deny the allegations contained in paragraph 64.

65.        Deny the allegations contained in paragraph 65.

66.        Deny the allegations contained in paragraph 66.

67.        Deny the allegations contained in paragraph 67.

68.        Deny the allegations contained in paragraph 68.

## AS FOR AN ANSWER TO COUNT III - VIOLATION OF RIGHT TO FREE SPEECH, ASSEMBLY, AND PROTEST AND RETALIATION.

69.        In response paragraph 69, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-68 as if the same were fully set forth herein.

70.        Deny the allegations contained in paragraph 70, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

71.        Deny the allegations contained in paragraph 71.

72.        Deny the allegations contained in paragraph 72.

73.        Deny the allegations contained in paragraph 73.

74.        Deny the allegations contained in paragraph 74.

75.        Deny the allegations contained in paragraph 75.

76.        Deny the allegations contained in paragraph 76.

**AS FOR AN ANSWER TO COUNT IV. MONELL LIABILITY/RESPONDEAT SUPERIOR/FAILURE TO SUPERVISE/FAILURE TO MONITOR/NEGLIGENT HIRING/RETENTION/TRAINING/MUNICIPAL LIABILTY/FAILURE TO PROTECT.**

77.     In response paragraph 77, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-76 as if the same were fully set forth herein.

78.     Deny the allegations contained in paragraph 78.

79.     Deny the allegations contained in paragraph 79.

80.     Deny the allegations contained in paragraph 80.

81.     Deny the allegations contained in paragraph 81.

82.     Deny the allegations contained in paragraph 82.

83.     Deny the allegations contained in paragraph 83.

84.     Deny the allegations contained in paragraph 84.

85.     Deny the allegations contained in paragraph 85.

86.     Deny the allegations contained in paragraph 86.

87.     Deny the allegations contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

89.     Deny the allegations contained in paragraph 89.

90.     Deny the allegations contained in paragraph 90.

91.     Deny the allegations contained in paragraph 91.

92.     Deny the allegations contained in paragraph 92.

93.     Deny the allegations contained in paragraph 93.

94.     Deny the allegations contained in paragraph 94.

95.     Deny the allegations contained in paragraph 95.

96.     Deny the allegations contained in paragraph 96.

97.     Deny the allegations contained in paragraph 97.

98.     Deny the allegations contained in paragraph 98.

99.     Deny the allegations contained in paragraph 99.

100.    Deny the allegations contained in paragraph 100.

101.    Deny the allegations contained in paragraph 101.

102.    Deny the allegations contained in paragraph 102.

103.    Deny the allegations contained in paragraph 103.

104.    Deny the allegations contained in paragraph 104.

105.    Deny the allegations contained in paragraph 105, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

106.    Deny the allegations contained in paragraph 106.

107.    Deny the allegations contained in paragraph 107.

108.    Deny the allegations contained in paragraph 108.

109.    Deny the allegations contained in paragraph 109.

110.    Deny the allegations contained in paragraph 110.

111.    Deny the allegations contained in paragraph 111, except admit that at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

112.    Deny the allegations contained in paragraph 112.

113.    Deny the allegations contained in paragraph 113.

114.    Deny the allegations contained in paragraph 114.

115.    Deny the allegations contained in paragraph 115.

## AS FOR AN ANSWER TO COUNT V. FAILURE TO INTERVENE

116.    In response paragraph 116, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-115 as if the same were fully set forth herein.

117.    Deny the allegations contained in paragraph 117.

118.    Deny the allegations contained in paragraph 118.

119.    Deny the allegations contained in paragraph 119.

120.    Deny the allegations contained in paragraph 120.

121.    Deny the allegations contained in paragraph 121.

122.    Deny the allegations contained in paragraph 122.

123.    Deny the allegations contained in paragraph 123.

## AS FOR AN ANSWER TO COUNT VI. UNLAWFUL ARREST, FALSE ARREST, UNLAWFUL SEARCH AND SEIZURE

124.    In response paragraph 124, Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in paragraphs 1-123 as if the same were fully set forth herein.

125.    Deny the allegations contained in paragraph 125.

126.    Deny the allegations contained in paragraph 126.

127.    Deny the allegations contained in paragraph 127.

128.    Deny the allegations contained in paragraph 128.

129.     Deny the allegations contained in paragraph 129.

130.     Deny the allegations contained in paragraph 130.

131.     Deny the allegations contained in paragraph 131.

## AS FOR AN ANSWER TO COUNT VII. NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132.     In response paragraph 132, Defendant NEW YORK CITY POLICE OFFICER

VINCENT D'ANDRAIA repeats and reiterates each and every response set forth in

paragraphs 1-131 as if the same were fully set forth herein.

133.     Deny the allegations contained in paragraph 133.

134.     Deny the allegations contained in paragraph 134.

135.     Deny the allegations contained in paragraph 135.

136.     Deny the allegations contained in paragraph 136.

137.     Deny the allegations contained in paragraph 137.

138.     Deny the allegations contained in paragraph 138.

139.     Deny the allegations contained in paragraph 139.

140.     Deny the allegations contained in paragraph 140.

141.     Deny the allegations contained in paragraph 141.

142.     Deny the allegations contained in paragraph 142.

143.     Deny the allegations contained in paragraph 143.

144.     Deny the allegations contained in paragraph 144.

145.     Deny the allegations contained in paragraph 145.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

146.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as

against Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

147.     The alleged incident and damages, if any, alleged to have been sustained by

Plaintiff on the occasion(s) mentioned in the Complaint were wholly or in part caused by

the culpable conduct of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

148.     The actions of Defendant NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA, as a sworn Police Officer of Defendant CITY OF NEW YORK, were

justified and done in good faith, in that Defendant NEW YORK CITY POLICE

OFFICER VINCENT D'ANDRAIA reasonably believed that he was exercising his

duties lawfully, and was acting within his statutory and constitutional powers.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

149.     Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA

acted reasonably and in good faith in discharging his duties and responsibilities and as

such is entitled to qualified immunity.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

150.     Upon information and belief, the injuries or damages alleged in the Complaint

were or may have been caused in whole or in part by parties now or hereafter to be

named as Co-Defendants or Third-Party Defendants and accordingly the liability of

Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA may be

limited by the provisions of Article 16 of the CPLR.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

151.     That any sums or consideration paid or promised to Plaintiff by any person(s) or

corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint

shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW

YORK CITY POLICE OFFICER VINCENT D'ANDRAIA to the extent the greater of

either sums or consideration paid or promised to Plaintiff or the amount of the joint

tortfeasor's equitable share(s) of the damages in accordance with General Obligations

Law § 15-108 et. seq.

## AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of

any constitutional rights or other basis for civil rights claim.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

153.    Any award for recovery of the cost of medical care, dental care, custodial care or

rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall

be reduced to the extent that any such cost or expense was or will with reasonable

certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

154.    If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any

culpable conduct other than Plaintiff's own culpable conduct, then such damages were

subsequently due to the culpable conduct, negligent acts or omission or commission of

Defendant CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

155.    All of the acts of Defendant NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA were performed under color of law and, within the scope of his duty and

within the scope of his employment as a New York City Police Officers, and any liability

to Plaintiff must be assumed by his employer, Defendant CITY OF NEW YORK, pursuant to the principle of Respondeat Superior.

156.     Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA, then said Defendant is entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

**AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
THE CITY OF NEW YORK**

157.     All of the actions of Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA were performed within the performance of his duty and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

158.     Any damages sustained by Plaintiff at the time or place mentioned in the Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

159.     Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA then said Defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

160.    If Defendant NEW YORK CITY POLICE OFFICER VINCENT D'ANDRAIA is

found to be liable for damages in this action, such liability will have been caused or

contributed to, in whole or in part, by the negligence and culpable conduct of the

remaining Co-Defendants and NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA is entitled to indemnification and/or contribution.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA respectfully demands judgment against Plaintiff as follows:

(a)    Dismissing Plaintiff's Complaint in its entirety;

(b)    Over and against Defendant, CITY OF NEW YORK for the amount of any

judgment obtained against Defendant NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA;

(c)    Granting Defendant NEW YORK CITY POLICE OFFICER VINCENT

D'ANDRAIA costs, disbursements, expenses of the action, reasonable attorney's fees, and such

other and further relief as this Court deems just and proper.

Dated: New York, New York
      March 10, 2021

                                    Yours, etc.,


                                    _____/s/_____
                                    Douglas LaBarbera (DL 3880)
                                    WORTH, LONGWORTH & LONDON, LLP
                                    *Attorneys for Defendant D'Andraia*
                                    111 John Street - Suite 640
                                    New York, New York
                                    10038 (212) 964-8038


TO:   **<u>VIA ECF</u>**

      Tahanie A. Aboushi
      Aymen A. Aboushi
      The Aboushi Law Firm
      *Attorneys for Plaintiff*
      Attorneys for Plaintiff
      1441 Broadway, Ste. 5036
      New York, NY 10018

      Erin T. Ryan
      Elissa Beth Jacobs
      NYC Law Department
      100 Church Street
      New York, New York 10010