UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DOUNYA ZAYER,

                            Plaintiff,

          -against-

CITY OF NEW YORK, et al.,

                          Defendants.

----------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

20-CV-6070 (ARR) (PK)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 14, 2020, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York and Deputy Inspector Craig Edelman, have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** defendant Police Officer Vincent D'Andraia has denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** the parties have authorized their counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Dounya Zayer the sum of **THREE HUNDRED EIGHTY SEVEN THOUSAND ($387,000.00) DOLLARS** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York and Craig Edelman; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Defendant Police Officer Vincent D'Andraia hereby agrees to pay plaintiff Dounya Zayer the sum of **THREE THOUSAND ($3,000.00) DOLLARS** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendant Police Officer Vincent D'Andraia and to release defendant Officer Vincent D'Andraia, and his successors or assigns, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including all claims for costs, expenses, and attorneys' fees.

4. Defendant Vincent D'Andraia herein agrees to dismiss any and all cross or counter claims with prejudice against the City of New York and to release the City of New York

and any present or former employees or agents of the City of New York from any and all liability, cross or counter claims, or rights of action arising from this action or which could have been asserted in this action, including claims for costs, expenses and attorneys' fees.

5. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If

and any present or former employees or agents of the City of New York from any and all liability, cross or counter claims, or rights of action arising from this action or which could have been asserted in this action, including claims for costs, expenses and attorneys' fees.

5. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If

Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
December 1, 2022

THE ABOUSHI LAW FIRM
*Attorneys for Plaintiff*
1441 Broadway, Suite 5036
New York, NY 10018
212-391-8500

By: _____
Tahanie Aboushi
*Attorney for Plaintiff*

GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Edelman*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Erin Ryan
*Senior Counsel*

WORTH, LONGWORTH AND LONDON LLP
*Attorneys for Defendant D'Andraia*
111 John Street, Suite 640
New York, New York 10038

By: _____
Doug LaBarbera
*Attorney for Defendant D'Andraia*